UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | * * * | MDL 1586 |
| | * | |
| IN RE ALGER, COLUMBIA, JANUS, MFS, ONE GROUP, PUTNAM and ALLIANZ DRESDNER | * * * * | Case No. 04-MD-15863 (Judge J. Frederick Motz) |
| | * | |
| PAULA BEALS, individually and on behalf of all others similarly situated, | * * * | |
| Plaintiff, v. | * * * | CASE NO. 1:05-CV-01086-JFM |
| THE VARIABLE ANNUITY LIFE INSURANCE COMPANY, | * * * * | |
| Defendant. | * * | |

THE VARIABLE ANNUITY LIFE INSURANCE COMPANY'S REPLY
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
PAULA BEALS' FIRST AMENDED COMPLAINT

## INTRODUCTION

As the Court correctly ruled in its June 1, 2006 Memorandum Opinion [Docket #2032]

dismissing identically-premised cases against three other annuity issuers, SLUSA preempts state

law claims like Paula Beals' negligence claim against VALIC. Beals' arguments opposing

dismissal are nothing more than warmed-over versions of arguments the Court already rejected

in its June 1 Opinion and clear mischaracterizations of that Opinion and other decisions in this

area. Beals offers the Court no reason to reach a different result here than it did in the three other

annuity cases. The Court should dismiss this case as well.

1

## ARGUMENT

### I. *DABIT* REQUIRES THE DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT

#### A. The Court Should Follow Its June 1 Opinion Here.

Beals' First Amended Complaint is substantively identical to the Complaints the Court dismissed in its June 1 Opinion. The Court should follow its opinion from those cases here and dismiss Beals' suit. In that Opinion, and relying on *Dabit*, the Court concluded that the plaintiffs' negligence claims satisfied the "in connection with" prong of SLUSA even though the plaintiffs themselves alleged that they were not defrauded into purchasing or selling securities because it was sufficient that the misrepresentation (the supposedly negligent calculation of the annuity's unit values) "coincided" with a securities transaction (the purchases and sales by market timers). (June 1 Opinion at 7-8.)

Ignoring the language of the Court's June 1 Opinion, Beals contends that SLUSA does not preempt her negligence claim because any misrepresentation of unit values could not have occurred "in connection with" a market timing trade because the alleged pricing misstatement occurs after the placement of trade orders. (Response at 1-2.) But as the Court recognized in its June 1 Opinion, the Supreme Court recognized in *Dabit,* and the Seventh Circuit recognized in its merits opinion in *Kircher,* the "in connection with" requirement is not that narrow: SLUSA bars state law claims as long as the misrepresentation "coincides" with a purchase or sale— which does not have to be made by the plaintiff herself or occur simultaneously with the misrepresentation. (June 1 Opinion at 7-8.)

*Dabit* emphasized that Congress intended a broad application of SLUSA in order to prevent "wasteful, duplicative litigation" in which the same facts could support different claims resulting in "parallel class actions proceeding in state and federal court, with different standards governing claims asserted on identical facts." That is exactly what Beals seeks to create here.

The only change Beals made to her case in the First Amended Complaint was to recast her misrepresentation claims as negligence; the underlying facts and her primary complaints against VALIC remain the same. To allow Beals to avoid dismissal through artful pleading is counter to the purpose of SLUSA.

**B.     The Supreme Court's Decision in *Kircher* Supports Dismissal.**

Beals contends that the Supreme Court somehow suggested in its recent decision in *Kircher v. Putnam Funds Trust*, 403 F.3d 478, 482 (7th Cir. 2005), that holder classes like this one are not barred by SLUSA under *Dabit*. This is not just a stretch; it misstates what the Supreme Court said and why the ruling reads as it does. The Supreme Court's decision in *Kircher* was limited to whether SLUSA remand orders may be reviewed on appeal. The (separate) decision by the *Kircher* panel in the Seventh Circuit on the issue of SLUSA preemption in market timing cases, which the Supreme Court expressly approved in *Dabit*, was not at issue. The Supreme Court did not address the merits of *Kircher's* SLUSA preemption decision because that decision was not before the Court. Any "holding" by the Supreme Court on how the state court should apply *Dabit* in *Kircher* after remand would thus have been an improper advisory opinion. To the extent the Supreme Court hinted at how it thought the state court might rule on the SLUSA pre-emption issue post-remand, the Court said the opposite of what Beals claims:

> We have no reason to doubt that the state court will duly apply *Dabit's* holding that holder claims are embraced by subsection (b), but any claim of error on that point can be considered on review by this Court.

*Id.* at 2157.

The Seventh Circuit ruling in *Bradfisch v. Templeton Funds, Inc.,* No. 05 C 298, and *Kwiatkoski v. Templeton Growth Fund, Inc.,* No. 05 C 299-301 (7th Cir. May 19, 2006)

reinforces the view that *Dabit* applies to bar holder classes in market timing cases.[1]  In those

cases, as here, the plaintiffs claimed that market timers exploited negligent fund managers to the

detriment of non market-timing investors.  The Seventh Circuit disagreed, holding that such

negligence claims under state law were preempted by SLUSA, citing its own SLUSA preemption

opinion in *Kircher* and the Supreme Court's opinion in *Dabit*.  *Id.* at 2.  SLUSA mandates the

dismissal of Beals' claims.

## II.    THE STATE LAW DUTY BEALS SEEKS TO IMPOSE ON VALIC IS PREEMPTED BY FEDERAL LAW

Beals seeks to impose a state common law duty upon VALIC to calculate its net asset

values based on fair market value on a daily basis, but federal law—which mandates the

exclusive method by which fund prices are to be calculated—precludes this result.  Federal laws

and regulations comprehensively govern how VALIC must value securities.  In particular, the

Investment Company Act of 1940 and its corresponding regulations require that prices be

determined using market quotations when they are readily available.  15 U.S.C. § 80a-22; 17

C.F.R. § § 270.2a-4, 270.22c-1, and 270.22e-2.[2]  Simply put, there is no room in this regulatory

regime for state law to impose potentially conflicting rules or duties.

The common law duty Plaintiff seeks to impose does not "mirror" VALIC's obligations

under federal law.  The SEC only requires funds to calculate NAV according to fair market value

if a "significant event" has occurred which results in a closing price that does not accurately

reflect the current market values of those securities.  SEC No-Action Letter, 20012 WL 436249,

at *2.  The fact that closing prices on securities that trade on foreign exchanges or markets may

be 12-15 hours old by the time the funds calculate their NAV is not itself a "significant event"

that precludes the calculation of NAV according to closing price.  *Id.* at *2, 5.  "Significant

---

[1] The opinion is attached as Exhibit A.

[2] Beals' contract and prospectus show that the subaccount managers, not VALIC, in fact determine the daily fund price.

events" are not, as Beals contends, the everyday events created by time zone differences; they include such things as "natural disasters, armed conflicts, or significant governmental actions." *Id.* at *5.

The ICA and the NSMIA both reflect Congress' intent to consistently and efficiently apply federal securities laws to produce a single uniform standard in the securities markets. As the Supreme Court noted in *Dabit,* "the magnitude of the federal interest in protecting the integrity and efficient operation of the market for nationally traded securities cannot be overstated." *Dabit,* 126 S.Ct. at 1509. No matter what label Beals chooses to affix to her claims or how she argues her case, she cannot avoid the broad sweep of federal securities laws in the area of fund pricing. Beals' First Amended Complaint must be dismissed.

## CONCLUSION

The Court should dismiss Beals' First Amended Complaint with prejudice.


Dated:  August 14, 2006

Respectfully Submitted,


_____/s/ DAVID A. JONES_____
DANIEL McNEEL LANE, JR.
Attorney-in-Charge
Texas State Bar No. 00784441
DAVID A. JONES
Texas State Bar No. 00795086
JESSICA SPANGLER TAYLOR
Texas State Bar No. 24013546
AKIN GUMP STRAUSS HAUER & FELD, LLP
300 Convent, Suite 1500
San Antonio, Texas 78205
Telephone: 210.281.7000
Telecopier: 210.224.2035

Attorneys for The Variable Annuity Life Insurance Company

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was filed electronically with the United States District Court for the District of Maryland, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed via certified mail, return receipt requested on this 14th day of August 2006, addressed to those who do not receive notice from the Clerk of the Court.

Stephen M. Tillery, Esq.
KOREIN TILLERY LLC
10 Executive Woods Court
Swansea, IL  62226

George A. Zelcs, Esq.
KOREIN TILLERY LLC
Three First National Plaza
70 West Madison, Suite 660
Chicago, IL  60602

Andrew S. Friedman, Esq.
Francis J. Balint, Jr., Esq.
BONNET, FAIRBOURN, FRIEDMAN & BALINT, P.C.
2901 North Central Avenue, Suite 1000
Phoenix, AZ  85012


_____/s/ DAVID A. JONES_____
DAVID A. JONES